Hayter *vs.* the State of Alabama.

HAYTER VS THE STATE OF ALABAMA.

1. By the third section of the act of eighteen hundred and thirty-three, (Aik. Dig. 122,) personal service of a writ of *scire facias,* issued on a recognizance against bail, in a criminal case, —is required, to enable the State to recover against the defendant.

2. Though, *it appears,* that previous to the statute, a return of "not found," on an original and alias *scire facias,* was equivalent to personal service of the writ.

*Scire facias* on bond forfeited. The bond acknowledged an indebtedness to the Governor of the State of Alabama, in a certain sum, and was conditioned for the appearance of the principal, at Spring term, eighteen hundred and thirty-six, of the Circuit court of Morgan county, to answer before the Circuit court, on a charge of murder. The record recited a judgment *nisi,* and award of *scire facias,* at the same term; and a subsequent *scire facias,* at Fall term, eighteen hundred and thirty-six. Both these writs were returned *non inventus est.*

At Spring term, eighteen hundred and thirty-seven, a final judgment was entered; on which defendant took a writ of error.

It was assigned for error, that judgment final was taken by default, no process being served.

*J. W. McClung,* for plaintiff in error.
*The Attorney General,* contra.

Hayter *vs.* the State of Alabama.

COLLIER, C. J.—The only question raised in this case is, whether the return by a sheriff "not found," on an original and *alias scire facias*, issued· on a recognizance against bail, in a criminal case, be equivalent to a *personal service* of the writ? If this question was unaffected by a statutable regulation, we might perhaps determine, that such returns authorised a judgment against the recognizors—3 Petersdorff, 355 ; 14 Petersdorff, 371, 2 ; 6 Bac. 103, 120. But the Legislature have forestalled our enquiries ; for by the third section of the act of eighteen hundred and thirty-three, (Aik. Dig. 122,) it is enacted, that "notices or *scire facias*' shall be directed to the sheriff, and a copy shall be served on each, by the sheriff ; and one service on each defendant in said notice or *scire facias*, shall be sufficient to enable the State to recover." Now here is an express legislative requisition of the personal service of such process, and in such a case as the one at bar, and must control the pre-existing law. The plaintiff was not before the court for its action against him. The judgment of the Circuit court must therefore be reversed, and the cause remanded for further proceedings.

GOLDTHWAITE, J.—Not sitting.