## ARMSTRONG v. DARGAN & MAYS.

1. In proceeding against a garnishee after the rendition of a judgment *nisi*, two returns of *non est* to succeeding writs of *sci. fa.* will sustain a final judgment against him.

Writ of Error to the Circuit Court of Montgomery.

ARMSTRONG was summoned by garnishee process as the debtor of one Abercrombie, against whom Dargan & Mays, for the use of one Earle, had recovered a judgment, and failing to appear and answer in accordance with the summons, a judgment *ni si* was rendered against him for the amount of the judgment debt. Afterwards, two writs of *sci. fa.* were issued, the one after the other, returnable to succeeding terms, and both being returned *non est*, judgment final was rendered.

This is assigned as error.

ELMORE, for the plaintiff in error, insisted—1. That the statute contemplates a personal service of the *sci. fa.* and must be pursued. By the common law no *sci. fa.* was allowed in personal actions, (6 Bacon Ab. Sci. Fa. c. 104,) and the form of a writ being given by statute, the party cannot depart from it, although another remedy may be allowed than by the statute. [19 Viner's Ab. 503, § 4; Ib. 512, note to § 12, 13.] So, likewise, if new powers are conferred on a

Armstrong v. Dargan and Mays.

court, and a course of proceeding prescribed, that must be pursued.

MAYS, contra, insisted a *sci. fa.* could be *executed* without personal service, and the statute using this term is not to be construed differently from any other giving a *sci. fa.* In general, two *nihils* upon *sci. fa.* are equivalent to personal service. [Elliot v. Mayfield, 3 Ala. Rep. 223 ; 6 Comyn's Digest, 460, 520 ; Tidd's Pract. 1039 ; 1 Cowen, 70 ; Kearns v. The State, 3 Blackf. 334 ; Cox v. McFenor, Breese, 10 ; 2 Wharton, 9.]

GOLDTHWAITE, J.—Our statute prescribing the course of proceeding against *garnishees*, directs that conditional judgments shall be rendered when they fail to appear, "upon which a *scire facias* shall issue against the garnishee return-able to the next term of the court, to show cause why final judgment should not be rendered against him, and upon such *sci. fa.* being ·duly executed and returned, if the garnishee shall fail to appear according to the mandate thereof, and dis-cover, *&c.* the court shall confirm such judgment," &c. [Dig. 59, § 20.] The question is, whether the execution of the *sci. fa.* here spoken of is a personal service on the garnishee, or whether it refers to the ordinary course of proceeding by that writ. Although the statute is not entirely clear, we think it must be intended to refer to the general course of practice peculiar to this writ, as otherwise we must presume the framer of the enactment ignorant of the rule which de-clares that two returns of *nihil* or *non est* is equivalent to ex-ecution of the process. There is strong reason to put this construction on the statute, as a subsequent enactment, pro-viding for proceedings against a transferee of the debt owing by the garnishee, directs expressly that two notices returned not found shall in that case authorize the court to proceed. [Digest, 63, § 41.]

The general course of practice in writs of *sci. fa.* allowing two returns of *nihil* as equivalent to personal service, is re-cognized and admitted by all the cases, its origin is nowhere

very distinctly traced, though all the cases on the writ are collected by Mr. Williams in his notes to Underhill v. Devereux, 2 Saund. 67. This learned commentator admits that by force of this rule the intent of the law to give notice is wholly defeated, as the defendant may be summoned or not as the plaintiff pleases. [Ib. 72.] The mischiefs of the rule, however, are prevented or obviated by resort to *audita querela,* whether the defendant had a release acquittance or other matter which he might have pleaded to the *sci. fa.;* but he could not be relieved by writ of error. [Ib. Note w.] It is also said the court will interpose in a summary way when the application is secret, and the fact on which relief is sought is not disputed. [Ib.; see also Mitford v. Gardwell, 2 Strange, 1198.] Whether these modifications of the rule as stated have any application to the case of a garnishee who has once had the opportunity to answer, but has failed to do so, it is not our business now to inquire.

What we have said is sufficient to show the judgment is free from error.

It is scarcely necessary to add, that the statute construed by us in Hayter v. The State, 7 Porter, 156, is quite different from that we have just considered, and the decision there turned on the ground that personal service was expressly provided for.

Judgment affirmed.